■ MARTIN T. CONNELL, Respondent, v ROBERT ELLISON et al., Defendants and Third-Party Plaintiffs-Appellants, and HILBERT F. LA PIERRE, Third-Party Defendant and Fourth-Party Plaintiff-Appellant. MILDRED M. MACINTYRE, Fourth-Party Defendant-Appellant. — Appeal from a judgment of the County Court of St. Lawrence County in favor of plaintiff, entered June 20, 1980, upon a decision of the court at Trial Term (Duskas, J.), without a jury. On August 15, 1962, plaintiff bought 75 acres in the Bonner Lake area of the Town of Edwards in St. Lawrence County. The deed was properly recorded. A survey of plaintiff's property in 1977 apparently persuaded him that defendants, owners of property adjoining plaintiff's land, might have a claim to some estate or interest in the property described in the 1962 deed. Accordingly, in September of 1977, plaintiff brought an action pursuant to article 15 of the Real Property Actions and Proceedings Law to quiet title to the subject property. Defendants' answer alleged that they had acquired title to the property in a 1966 deed executed by Hilbert F. La Pierre, whom defendants sued in a third-party action. La Pierre, in turn, filed a fourth-party action against his grantor, Mildred MacIntyre. At trial, the proof established that the fourth-party defendant MacIntyre acquired the property in 1936. During the following two decades she and her husband occupied the premises on a seasonal basis, constructed three buildings thereon and hunted the lands and fished the streams. MacIntyre's occupation, use and improvement of the premises satisfied the requirements of adverse possession set out in section 512 of the RPAPL. In 1957, MacIntyre sold her interest in the property to third-party defendant La Pierre. The deed was duly recorded. In 1966, La Pierre sold the property to defendants Ellison who used the property on a regular seasonal basis and made some improvements to one of the structures. After a nonjury trial, the trial court found that the subject property was described in the 1962 recorded deed conveying the premises to plaintiff but not by the 1966 deed in favor of defendants. With respect to defendants' claim of adverse possession, the trial court stated "[a]ssuming that the use and occupation of the premises

from 1936 through September 14, 1966 was hostile, open and notorious [by defendants' predecessors in title] * * * defendants [themselves] have not fulfilled the essential elements to establish adverse possession by them of the premises". Accordingly, judgment was entered in favor of plaintiff and this appeal ensued.[*] We reverse. Contrary to the holding of the trial court, it is well settled that adverse possession for the requisite period of time not only cuts off the true owner's remedies but also divests him of his estate (see *Woodruff v Paddock,* 130 NY 618; *Baker v Oakwood,* 123 NY 16; *Lewis v Village of Lyons,* 54 AD2d 488, 490). Here, fourth-party defendant MacIntyre's possession of the property was open, hostile and notorious for a period of 21 years. Thus, title vested in her in 1951 at the conclusion of 15 years of continuous occupancy (former Civ Prac Act, § 34; see CPLR 212, subd [a]), six years prior to the 1957 conveyance to La Pierre. Further, since MacIntyre occupied the premises for more than the statutorily prescribed period of time, the issue of tacking is not presented. Since the deeds from MacIntyre to La Pierre and from La Pierre to the Ellisons did not describe the subject property by metes and bounds, the issue narrows to whether these instruments effectively transferred title to the property. In our view, they did. The Court of Appeals in *Brand v Prince* (35 NY2d 634, 637) stated the rule "that successive adverse possessions of property omitted from a deed description * * * may be tacked if it appears that the adverse possessor intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed * * *. Because the possessory title is entirely an incident of the adverse holder's possession, transfer of that possession, even by parol, effects a transfer of the possessory interest [citations omitted]." Clearly, if an adverse possessor's interest in property may be orally transferred before that interest has matured into title, it follows that title to property actually acquired by adverse possession may be transferred by the type of deed under attack herein. The record in this case amply demonstrates a clear, open intention by both MacIntyre and La Pierre to transfer their interest in the property to their respective grantees. The recording statute (Real Property Law, § 291) does not require a different result. Title to property by adverse possession is not affected by the recording act even where, as here, the adverse possessor is not in actual possession at the time the record titleholder conveys to a bona fide purchaser. Title by adverse possession is as strong as one obtained by grant (*Sherman v Kane,* 86 NY 57). Title by adverse possession is not generally affected by the recording statutes (2 NY Jur 2d, Adverse Possession, § 4, p 307). Therefore, defendants' grantor, La Pierre, had good title unaffected by the recording of plaintiff's deed in 1962, and the 1966 deed from La Pierre to defendants, together with the oral transfer of the undescribed property, effectively passed good and marketable title to defendants. Judgment reversed, on the law, with one bill of costs to appellants filing briefs, and judgment directed to be entered declaring that the deed from Hilbert F. La Pierre to Robert Ellison and Barbara Ellison, dated September 14, 1966 and recorded in the office of the St. Lawrence County Clerk on October 6, 1966, conveyed legal title to Robert Ellison and Barbara Ellison, defendants herein. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.

---

* By stipulation of the parties, trial of the third- and fourth-party actions was postponed pending the outcome of the primary action.