■ LUCY DIMA, Appellant, v MORROW STREET ASSOCIATES, LLC, et al., Respondents. [818 NYS2d 474]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated August 31, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Ulu v ITT Sheraton Corp.*, 27 AD3d 554, 554 [2006]; *Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511). Here, the defendants satisfied their initial burden. In opposition, the plaintiff failed to present evidence sufficient to raise a triable issue of fact. The affidavit of the plaintiff's daughter was insufficient to defeat the defendants' motion (*see Perez v Bronx Park S. Assoc.*, 285 AD2d 402, 404 [2001]). Further, the Supreme Court properly declined to consider the plaintiff's correction sheet to her deposition testimony which lacked a statement of the reasons for making the corrections (*see* CPLR 3116 [a]; *Riley v ISS Intl. Serv. Sys.*, 284 AD2d 320 [2001]; *Rodriguez v Jones*, 227 AD2d 220 [1996]).

The plaintiff's remaining contention regarding the deposition transcript is improperly raised for the first time on appeal (*see Fleet Bank v Powerhouse Trading Corp.*, 267 AD2d 276 [1999]). Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.