■ Luis O. Hogan, as Administrator of the Estate of Ferdinand Powell, Appellant, v Camille Kelly et al., Respondents. [927 NYS2d 157]—

This action involves a dispute over the ownership of certain residential property located at 191½ 8th Street in Brooklyn (hereinafter the premises). The late Ferdinand Powell (hereinaf-

ter the decedent) was the former title owner of the property. The defendants, Dorothy Kelly and Camille Kelly, claim that after the decedent became a widower in September 1992, they moved into the premises to assist him because of his age and health problems. The defendants further assert that they have continuously resided in the premises since 1992. The decedent died intestate on March 26, 1995, survived by one child, a daughter, Carmen Powell, who is a Panamanian citizen. Although Carmen Powell was the decedent's sole heir at law, on March 7, 1996, the decedent's brother, Bertram Powell, executed a deed purporting to convey title to the premises to the defendant Dorothy Kelly. The deed was subsequently recorded on June 27, 1996.

Carmen Powell allegedly was unaware that the decedent had owned real property until she visited the United States for the first time in the summer of 2008. Thereafter, on September 24, 2009, the plaintiff, Luis O. Hogan, was appointed administrator of the decedent's estate. Upon his appointment, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to determine claims to the premises. Prior to joinder of issue, the defendants moved, among other things, in effect, pursuant to CPLR 3211 (c) for summary judgment dismissing the complaint and declaring them to be the owners of the premises by adverse possession. The plaintiff cross-moved for summary judgment declaring him to be the owner of the premises. The Supreme Court granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (c) for summary judgment, and denied the plaintiff's cross motion.

In order to establish a claim to property by adverse possession, a claimant must prove, inter alia, that possession of the property was: (1) hostile and under a claim of right; (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the required period (*see Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *Belotti v Bickhardt*, 228 NY 296, 302 [1920]; *Bratone v Conforti-Brown*, 79 AD3d 955, 957 [2010]; *Asher v Borenstein*, 76 AD3d 984, 986 [2010]; *Gourdine v Village of Ossining*, 72 AD3d 643 [2010]). Under longstanding decisional law applying these traditional common-law elements, a party seeking adverse possession could assert that he or she was acting under a "claim of right" regardless of whether he or she had actual knowledge of the true owner at the time of possession (*see Walling v Przybylo*, 7 NY3d at 232-233; *Asher v Borenstein*, 76 AD3d at 986; *Merget v Westbury Props., LLC*, 65 AD3d 1102, 1105 [2009]). However, in 2008 the Legislature enacted changes to the adverse possession statutes contained in RPAPL article 5 (*see* L 2008, ch 269).

These changes included rewriting RPAPL 501 to include, for the first time, a statutory definition of the "claim of right" element necessary to acquire title by adverse possession. Pursuant to RPAPL 501 (3), "[a] claim of right means a reasonable basis for the belief that the property belongs to the adverse possessor or property owner, as the case may be." The 2008 amendments to RPAPL article 5 took effect on July 7, 2008, and apply to all claims filed on or after the effective date of the amendments (*see Hartman v Goldman*, 84 AD3d 734 [2011]).

On appeal, the plaintiff contends, relying on the new statutory definition of "claim of right," that the defendants failed to establish that they acquired title to the premises by adverse possession because they were aware that Carmen Powell was the decedent's sole heir and, thus, the rightful owner of the premises. Although this action was commenced after the effective date of the 2008 amendments, we agree with our colleagues in the Third and Fourth Departments that the amendments cannot be retroactively applied to deprive a claimant of a property right which vested prior to their enactment (*see Hammond v Baker*, 81 AD3d 1288, 1290 [2011]; *Perry v Edwards*, 79 AD3d 1629, 1631 [2010]; *Barra v Norfolk S. Ry. Co.*, 75 AD3d 821, 825-826 [2010]; *Franza v Olin*, 73 AD3d 44, 47-48 [2010]). Therefore, the version of the law in effect at the time the purported adverse possession allegedly ripened into title is the law applicable to the claim, even if the action was commenced after the effective date of the new legislation. We note that this issue was not before us in *Hartman v Goldman* (84 AD3d 734 [2011]), and was not necessary to resolve in *Maya's Black Cr., LLC v Angelo Balbo Realty Corp.* (82 AD3d 1175 [2011]), in which we found that the plaintiff's complaint stated a cause of action under both prior and current law.

Here, the defendants' adverse possession claim is founded upon a written instrument, and they allege that they acquired title to the premises on June 27, 2006, 10 years after the deed purportedly conveying title to the defendant Dorothy Kelly was recorded. Since title allegedly vested in the defendants prior to the enactment of the 2008 amendments, the new statutory definition of "claim of right" is not controlling. Applying long-standing decisional law, the defendants made a prima facie showing that they possessed the premises under a claim of right, which was not defeated by their alleged knowledge that Carmen Powell was the rightful owner of the premises (*see Walling v Przybylo*, 7 NY3d at 232-233; *Merget v Westbury Props., LLC*, 65 AD3d at 1105). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants' occupation of the premises was under a claim of right.

We nevertheless conclude that the branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (c) for summary judgment should have been denied because they failed to make a prima facie showing that their possession of the premises was hostile for the prescribed period. In support of their motion, the defendants submitted copies of monthly checks drawn by the defendant Dorothy Kelly and payable to the decedent from May 1, 1994, through March 1, 1995. Each of these checks is dated the first of the month, and each bears the notation "rent." RPAPL 531 provides that "[w]here the relation of landlord and tenant has existed, the possession of the tenant is deemed the possession of the landlord until the expiration of ten years after the termination of the tenancy; or, where there has been no written lease, until the expiration of ten years after the last payment of rent." While the defendants aver that the subject checks were voluntary contributions made to help the decedent with household expenses, the checks bear the indicia of rent payments. Accordingly, the defendants' own evidentiary submissions raise a triable issue of fact as to whether they initially occupied the premises as tenants. A finding that the defendants occupied the premises as tenants without a written lease would raise a presumption of nonadversity for 10 years from the last payment of rent (*see Gallea v Hess Realty Corp.*, 128 AD2d 274, 277 [1987], *affd* 71 NY2d 999 [1988]; *Risi v Interboro Indus. Parks*, 99 AD2d 466 [1984]), and require that a minimum period of 20 years elapse from the last payment of rent for their occupancy to ripen into adverse possession. Thus, the existence of a triable issue of fact as to whether the defendants entered the premises as tenants requires denial of that branch of their motion which was, in effect, pursuant to CPLR 3211 (c) for summary judgment.

In view of the existence of a triable issue of fact as to whether the defendants acquired title to the premises by adverse possession, the plaintiff is not entitled to summary judgment declaring him to be the lawful owner of the premises at this juncture. Prudenti, P.J., Eng, Hall and Lott, JJ., concur.