■ HANNAH PAKULA, Respondent, v HERBERT PODELL et al., Appellants, et al., Defendants. [962 NYS2d 254]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property, the defendants Herbert Podell and Loraine Podell appeal from an order of the Supreme Court, Suffolk County (Asher, J.), dated October 20, 2011, which granted the plaintiff's motion for summary judgment on her first and third causes of action and dismissing their counterclaims.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on her first and third causes of action and dismissing the counterclaims is denied.

The plaintiff and the defendants Herbert Podell and Loraine Podell (hereinafter together the Podell defendants), are the owners of adjoining properties in East Hampton. The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title and to eject the Podell defendants, who had allegedly encroached onto her property by, inter alia, planting shrubbery and trees. The Podell defendants counterclaimed, alleging that they had acquired title to the disputed area by adverse possession, and sought to enjoin the plaintiff from interfering with their property rights.

In 2008, the Legislature enacted changes to the adverse possession statutes (*see* L 2008, ch 269). Here, however, since title allegedly vested in the Podell defendants at the latest, in 1999, the law in effect prior to the amendments is applicable to their claim (*see Hogan v Kelly*, 86 AD3d 590 [2011]). Accordingly, to establish a claim to property by adverse possession, the Podell

defendants were required to prove, inter alia, that their possession of the property was: (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the required period (see *Walling v Przybylo*, 7 NY3d 228, 232 [2006]).

The Supreme Court erred in granting the plaintiff's motion for summary judgment on her first cause of action, which sought to quiet title to the subject disputed area, and her third cause of action, which sought ejectment, and dismissing the counterclaims of the Podell defendants, which sought, inter alia, to enjoin the plaintiff from interfering with their property rights. The plaintiff failed to establish, prima facie, that the Podell defendants' possession was not under a claim of right or nonexclusive (see *id.* at 232).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on her first and third causes of action and dismissing the Podell defendants' counterclaims.

We decline the Podell defendants' request that we search the record and award them summary judgment on their counterclaim alleging adverse possession. Rivera, J.P., Chambers, Hall and Miller, JJ., concur.