■ ROBERT KLEIN et al., Appellants-Respondents, v DIMITRY ARONSHTEIN et al., Respondents-Appellants. [983 NYS2d 298]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to certain real property, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered May 16, 2012, as denied their motion for summary judgment declaring that they are the owners of the subject property by adverse possession and granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging adverse possession, and the defendants cross-appeal, as limited by their notice of cross appeal and brief, from so much of the same order as, in denying those branches of their cross motion which were for summary judgment on their counterclaims, determined that the plaintiffs are entitled to riparian rights over the subject property.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs and the defendants own adjacent parcels of real property along a channel known as the Waukena Waterway in Oceanside, Nassau County. The waterway terminates at a right angle formed by the southern boundary of the plaintiffs' property and the eastern boundary of the defendants' property. The defendants also own the underwater parcel abutting the parties' waterfront properties. Each waterfront property was purchased with a dock structure extending over the water above the underwater parcel.

After a dispute arose between the parties over the positioning of their dock structures, the plaintiffs commenced this action, inter alia, to compel the determination of claims to the underwater parcel, alleging that they had acquired title to a portion of the parcel through adverse possession by maintaining their dock structure over the water. The defendants asserted counterclaims alleging trespass and interference with their riparian rights. Thereafter, the plaintiffs moved for summary judgment on their adverse possession cause of action, and the defendants cross-moved, inter alia, for summary judgment dismissing the adverse possession cause of action and to recover on their counterclaims. The Supreme Court denied the plaintiffs'

motion, granted that branch of the defendants' cross motion which was for summary judgment dismissing the adverse possession cause of action, denied those branches of the defendants' cross motion which were for summary judgment on their counterclaims, and determined that the plaintiffs are entitled to riparian rights over the subject property.

To establish a claim of title by adverse possession, a party must prove that "(1) the possession was hostile and under claim of right; (2) it was actual; (3) it was open and notorious; (4) it was exclusive; and (5) it was continuous for the statutory period of 10 years" (*Marone v Kally*, 109 AD3d 880, 882 [2013] [internal quotation marks omitted]; *see Walling v Przybylo*, 7 NY3d 228, 232 [2006]). In addition, where "the adverse possession is not founded upon a written instrument, the possessor must also establish, in accordance with the law in effect at the time this action was commenced, that the disputed property was either 'usually cultivated or improved' or 'protected by a substantial inclosure' " (*Skyview Motel, LLC v Wald*, 82 AD3d 1081, 1082 [2011], quoting RPAPL former 522; *see Estate of Becker v Murtagh*, 19 NY3d 75, 81 [2012]). "Because the acquisition of title by adverse possession is not favored under the law, these elements must be proven by clear and convincing evidence" (*Estate of Becker v Murtagh*, 19 NY3d at 81).

Here, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the cause of action alleging adverse possession. The defendants, in support of their cross motion, established their prima facie entitlement to judgment as a matter of law dismissing this cause of action by demonstrating that the plaintiffs' use of the subject property was not hostile and under a claim of right (*see Hinkley v State of New York*, 234 NY 309, 317-318 [1922]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment and granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging adverse possession.

Contrary to the defendants' contention, in denying those branches of their cross motion which were for summary judgment on their counterclaims, the Supreme Court properly determined that the plaintiffs, as owners of property bounded by a navigable waterway, possess riparian rights, which include "the right of access to [the] navigable water, and the right to make this access a practical reality by building a pier, or 'wharfing out' " (*Town of Oyster Bay v Commander Oil Corp.*, 96 NY2d 566, 571 [2001], citing *Town of Brookhaven v Smith*, 188 NY 74, 85 [1907]; *see Kearns v Thilburg*, 76 AD3d 705, 707 [2010]).

The defendants' remaining contention is without merit. Rivera, J.P., Lott, Roman and Cohen, JJ., concur. **[Prior Case History: 2012 NY Slip Op 31426(U).]**