■ JAMES PRITSIOLAS et al., Appellants, v APPLE BANKCORP, INC., Doing Business as APPLE BANK FOR SAVINGS, Respondent. [992 NYS2d 71]—

In an action pursuant to RPAPL article 15 to determine claims to real property, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Galasso, J.), entered April 9, 2013, as granted the defendant's cross motion for summary judgment, inter alia, dismissing the complaint, and (2) a judgment of the same court entered May 22, 2013, as, upon the order, inter alia, is in favor of the defendant and against them dismissing the complaint. By decision and order on motion of this Court dated January 15, 2014, as amended by a decision and order on motion dated January 29, 2014, the notice of appeal from the order was deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting the first and fifth decretal paragraphs thereof, (2) adding to the second decretal paragraph thereof, following the words "plaintiffs' complaint is hereby dismissed," the words "to the extent that the complaint seeks a determination that the plaintiffs are the owners of that portion of the disputed area of the subject real property which was unfenced as of the date of commencement of the action," and (3) adding to the third decretal paragraph thereof, following the words "Lots 21 and 22," the words "except for that portion of the disputed area of the subject real property which was fenced as of the date of the commencement of the action"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted only to the extent that the complaint sought a determination that the plaintiffs are the owners of that portion of the disputed area of the subject real property which was unfenced as of the date of the commencement of the action, the order is modified accordingly, and the claim with respect to the unfenced portion of the disputed area is severed.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order

are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs and the defendant own parcels of real property that are adjacent to one another. The plaintiffs acquired title to their parcel by deed dated January 29, 2001. On September 28, 2012, the plaintiffs commenced this action, seeking a judgment determining that they are the owners of a strip of property, measuring approximately 5 feet in width and 95 feet in length (hereinafter the disputed area), that runs along the southern boundary of their parcel and encroaches on the northern portion of the defendant's parcel. It is undisputed that a portion of the disputed area has been fenced in since 1992 as part of the rear yard of the residence currently occupied by the plaintiffs. The plaintiffs alleged in their complaint that they acquired title to the entire disputed area in 2002 by adverse possession, arising out of the combined use of the area by themselves and their immediate predecessor in title. The Supreme Court awarded summary judgment in favor of the defendant, inter alia, dismissing the complaint, and determined that the erection of the fence and the actions taken by the plaintiffs and their predecessor with respect to the disputed area were permissive, and not adverse within the meaning of RPAPL 543.

The Supreme Court erred in applying RPAPL 543 to this action. Although that statute is generally applicable to actions involving claims of adverse possession that are commenced after its effective date of July 7, 2008, it does not apply where, as in this case, the property interest is alleged to have vested by adverse possession prior to the enactment of the statute (*see Shilkoff v Longhitano*, 94 AD3d 974, 976 [2012]), since the statute "cannot be retroactively applied to deprive a claimant of a property right which vested prior to [its] enactment" (*Hogan v Kelly*, 86 AD3d 590, 592 [2011]; *see Franza v Olin*, 73 AD3d 44 [2010]). Therefore, the law in effect at the time the plaintiffs claim to have acquired title must be applied.

In order to demonstrate adverse possession, the plaintiffs were required to satisfy the common-law elements that the possession was (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years (*see Ram v Dann*, 84 AD3d 1204, 1205 [2011]; *Corigliano v Sunick*, 56 AD3d 1121 [2008]). Additionally, under the former version of RPAPL 522 that was in effect at the relevant time, the plaintiffs were obligated to establish that the disputed area was either "usually cultivated or improved" or "protected by a substantial inclosure" (*Skyview Motel, LLC v Wald*, 82 AD3d 1081, 1082 [2011] [internal quota-

tion marks omitted]; *see BTJ Realty, Inc. v Caradonna*, 65 AD3d 657, 658 [2009]). Contrary to the determination of the Supreme Court, under the circumstances presented here, the plaintiffs are entitled to tack any period of adverse possession enjoyed by their predecessor in title onto their own period of adverse possession (*see Brand v Prince*, 35 NY2d 634, 637 [1974]; *Stroem v Plackis*, 96 AD3d 1040, 1042 [2012]).

The defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the plaintiffs' claim of adverse possession of that portion of the disputed area which was unfenced by submitting evidence that the plaintiffs did not engage in any cultivation or improvement of that portion of the property. In response, the plaintiffs merely alleged in vague and conclusory terms that they "planted, watered, landscaped and maintained the entire area," although they simultaneously admitted that "there is absolutely nothing to maintain" in that portion of the area. At best, the plaintiffs assert that they merely attempted to keep the unfenced portion in presentable condition, which is inadequate to satisfy the requirement that the real property in dispute was usually cultivated or improved (*see e.g. Walsh v Ellis*, 64 AD3d 702, 704 [2009]; *Giannone v Trotwood Corp.*, 266 AD2d 430, 431 [1999]; *Simpson v Chien Yuan Kao*, 222 AD2d 666, 667 [1995]; *Yamin v Daly*, 205 AD2d 870, 871 [1994]). Since the plaintiffs failed to raise a triable issue of fact in opposition to that branch of the defendant's motion which was for summary judgment pertaining to the unfenced portion of the disputed area, the Supreme Court correctly granted that branch of the motion.

With regard to the fenced portion, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting the affidavits of its senior vice president and of a professional landscaper who had maintained the defendant's property for some 16 years. These affidavits indicated that the defendant had permitted the encroachment of the fence onto its property as a neighborly accommodation, and that the defendant's landscaper routinely entered the fenced area, with the knowledge and at least the implicit approval of the plaintiffs and their predecessor, in order to maintain the defendant's property beyond the fence. These affidavits, in conjunction with various documents submitted by the defendants, indicated that the requirement that the possession of the fenced portion by the plaintiffs and their predecessor occurred under a claim of right was not satisfied (*see generally Koudellou v Sakalis*, 29 AD3d 640, 641 [2006]; *Beyer v Patierno*, 29 AD3d 613, 614-615 [2006]; *Bockowski v Malak*, 280 AD2d 572 [2001]; *Soukup v*

*Nardone*, 212 AD2d 772, 774-775 [1995]). However, the plaintiffs raised a triable issue of fact in opposition to this branch of the motion by submitting the affidavits of the plaintiff James Pritsiolas and of the plaintiffs' predecessor in title, both of whom denied that the defendant's landscaper had ever entered onto the fenced portion of the disputed area, and who further averred that they at all times considered the fenced portion to be part of the parcel that was conveyed to them. Accordingly, a triable issue of fact exists with regard to whether their possession of the fenced portion was under a claim of right (*see generally Corigliano v Sunick*, 56 AD3d 1121, 1122 [2008]) and, therefore, the Supreme Court should have denied that branch of the motion. Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.