■ 5262 Kings Highway, LLC, Appellant, v Nadia Development, LLC, et al., Respondents, et al., Defendants. [994 NYS2d 631]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated April 9, 2012, which denied its motion for summary judgment on the first cause of action, in effect, to quiet title, and for summary judgment declaring that it is the owner of the subject property and that the defendants have no interest in the subject property, for summary judgment on the issue of liability on the second and third causes of action, and for summary judgment dismissing the counterclaim of the defendants Nadia Development, LLC, Kristal Auto Mall, Corp., and Lilaahar Bical, also known as Sammy Bical, which alleged ownership of the subject property by adverse possession.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant Nadia Development, LLC (hereinafter Nadia), are the owners of adjoining properties in Brooklyn. The defendant Kristal Auto Mall, Corp. and its principal, the defendant Lilaahar Bical, also known as Sammy Bical (hereinafter collectively with Nadia, the respondents), allegedly operate an automobile dealership on Nadia's property, as Nadia's tenant. In April 2011, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to a strip of land (hereinafter the subject property) located on the plaintiff's property, which was included within a fence surrounding Nadia's property. The respondents asserted a counterclaim which alleged that they had acquired title to the subject property by adverse possession.

In 2008, the legislature enacted changes to the adverse possession statutes (*see* L 2008, ch 269; *Pakula v Podell*, 103 AD3d 864 [2013]; *Hogan v Kelly*, 86 AD3d 590, 592 [2011]). In the

present case, however, since title allegedly vested by adverse possession at the latest in 1999, the law in effect prior to the amendments is applicable to the respondents' counterclaim (*see Pakula v Podell*, 103 AD3d at 864; *Hogan v Kelly*, 86 AD3d at 592). Accordingly, to establish a claim of title to real property by adverse possession, the respondents must prove, by clear and convincing evidence, inter alia, that the possession was (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the statutory period of 10 years (*see Klein v Aronshtein*, 116 AD3d 670, 671 [2014]; *Marone v Kally*, 109 AD3d 880, 881-882 [2013]; *Hogan v Kelly*, 86 AD3d at 591). A title vested by virtue of adverse possession is equally strong as one obtained by grant, and may be divested only by a transfer complying with the formalities authorized by law (*see Van Valkenburgh v Lutz*, 304 NY 95, 103 [1952]; *Sherman v Kane*, 86 NY 57, 64-65 [1881]; *Ahl v Jackson*, 272 AD2d 965 [2000]; *Connell v Ellison*, 86 AD2d 943, 944 [1982], *affd* 58 NY2d 869 [1983]).

Here, the plaintiff's submissions in support of its motion were insufficient to eliminate all triable issues of fact as to whether the respondents obtained title to the subject property by adverse possession (*cf. Oistacher v Rosenblatt*, 220 AD2d 493, 494 [1995]; *Connell v Ellison*, 86 AD2d at 944). Since the plaintiff did not demonstrate its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the papers submitted by the respondents in opposition to the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the first cause of action, in effect, to quiet title, and for summary judgment declaring that it is the owner of the subject property and that the respondents have no interest in the subject property, for summary judgment on the issue of liability on the second and third causes of action, and for summary judgment dismissing the respondents' counterclaim alleging ownership of the subject property by adverse possession. Skelos, J.P., Dillon, Roman and Maltese, JJ., concur.