██ Kuros Sorbi et al., Appellants, v Stephen Fluger et al., Respondents, et al., Defendant. (And Other Titles.) [6 NYS3d 95]—

In an action, inter alia, to recover damages for trespass and for injunctive relief, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated December 11, 2012, which granted that branch of the motion of the defendants Stephen Fluger and Susan Fluger which was for summary judgment on their counterclaim, alleging adverse possession, and the cross motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court dated March 5, 2013, which, upon the order, is in favor of the defendants Stephen Fluger and Susan Fluger and against them awarding those defendants legal title to the subject real property and, in effect, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In 2008, the legislature enacted changes to the adverse possession statutes (see L 2008, ch 269; 5262 Kings Hwy., LLC v Nadia Dev., LLC, 121 AD3d 748, 748 [2014]; Pakula v Podell, 103 AD3d 864, 864 [2013]; Hogan v Kelly, 86 AD3d 590, 592 [2011]). In this case, however, since title to the subject real property allegedly vested by adverse possession no later than 1998, the law in effect prior to the amendments is applicable to the counterclaim alleging adverse possession asserted by the defendants Stephen Fluger and Susan Fluger (hereinafter together the Flugers) (see 5262 Kings Hwy., LLC v Nadia Dev., LLC, 121 AD3d at 748-749; Pakula v Podell, 103 AD3d at 864; Hogan v Kelly, 86 AD3d at 592). Accordingly, to establish their claim of title to the subject real property by adverse possession, the Flugers were required to prove, by clear and convinc-

ing evidence, among other things, that their possession of the property was (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the statutory period of 10 years (*see 5262 Kings Hwy., LLC v Nadia Dev., LLC*, 121 AD3d at 749; *Klein v Aronshtein*, 116 AD3d 670, 671 [2014]; *Marone v Kally*, 109 AD3d 880, 881-882 [2013]; *Hogan v Kelly*, 86 AD3d at 591).

Here, the Flugers demonstrated their prima facie entitlement to judgment as a matter of law on their counterclaim by submitting, inter alia, the affidavit of Stephen Fluger, which demonstrated that they acquired the disputed property by adverse possession (*see Sprotte v Fahey*, 95 AD3d 1103, 1104 [2012]). In opposition, the plaintiffs failed to raise a triable issue of fact. The only evidence submitted by the plaintiffs suggesting the possibility that the Flugers were not in possession of the disputed property during the relevant time period was a survey report which was not competent evidence in this regard, as it was neither certified nor accompanied by an affidavit of the surveyor (*see Thomson v Nayyar*, 90 AD3d 1024, 1025-1026 [2011]; *Seaman v Three Vil. Garden Club, Inc.*, 67 AD3d 889, 890 [2009]; *City of New York v Gowanus Indus. Park, Inc.*, 65 AD3d 1071, 1073 [2009]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the Flugers' motion which was for summary judgment on their counterclaim alleging adverse possession and their cross motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.