■ DAVID WARREN et al., Respondents, v BLANCA CARRERAS, Also Known as BLANCA CARRERAS GURRIA, Appellant, et al., Defendants. [19 NYS3d 309]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property, the defendant Blanca Carreras, also known as Blanca Carreras Gurria, appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (DiBella, J.), dated February 5, 2013, as granted those branches of the plaintiffs' motion which were for summary judgment declaring that the plaintiffs are the

owners of certain real property by adverse possession, enjoining her from entering the disputed property, awarding the plaintiffs damages in the principal sum of $7,500, and dismissing her counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the plaintiffs are the owners of the disputed property by adverse possession.

The plaintiffs and the defendant Blanca Carreras, also known as Blanca Carreras Gurria (hereinafter the defendant), are owners of adjoining residential properties. When the plaintiffs acquired title to their property by deed in 2002, a chicken wire fence spanned the front portion of the property's boundary with the defendant's property, and a chain link fence spanned the remaining portion of that boundary. The chain link fence had been installed by the plaintiffs' predecessor in interest in 1991; the chicken wire fence was already in place when the predecessor in interest acquired title by deed. There was grass along the plaintiffs' side of the fences, while the defendant's side was primarily wooded and uncultivated. The defendant had acquired title to her property by deed in 2000.

The defendant commissioned a survey in 2010 which revealed that the chicken wire fence and the chain link fence encroached on her property in certain areas along the property line. The defendant subsequently removed portions of the fencing and attempted to reclaim those portions of her property that had been separated by the fencing. The plaintiffs commenced this action, inter alia, to quiet title to the disputed property by adverse possession and for damages resulting from the defendant's trespass. The plaintiffs subsequently moved, inter alia, for summary judgment declaring that they were the owners of the disputed property by adverse possession, enjoining the defendant from entering the disputed property, awarding them damages in the principal sum of $7,500, and dismissing the defendant's counterclaims. The Supreme Court granted those branches of the plaintiffs' motion.

In 2008, the Legislature enacted changes to the adverse possession statutes (*see* L 2008, ch 269; *5262 Kings Hwy., LLC v Nadia Dev., LLC*, 121 AD3d 748, 748-749 [2014]; *Pakula v Podell*, 103 AD3d 864 [2013]; *Hogan v Kelly*, 86 AD3d 590, 592 [2011]). Here, however, since title to the disputed property allegedly vested in the plaintiffs by adverse possession in 2002 at the latest, the law in effect prior to the amendments is applicable (*see 5262 Kings Hwy., LLC v Nadia Dev., LLC*, 121

AD3d at 748-749; *Pakula v Podell*, 103 AD3d at 864; *Hogan v Kelly*, 86 AD3d at 592). Accordingly, the plaintiffs were required to demonstrate that their possession was "(1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years" (*Pritsiolas v Apple Bankcorp, Inc.*, 120 AD3d 647, 649 [2014]; *see Ram v Dann*, 84 AD3d 1204, 1205 [2011]; *Corigliano v Sunick*, 56 AD3d 1121 [2008]). Additionally, under the former version of RPAPL 522 that was in effect at the relevant time, the plaintiffs were required to establish that the disputed area was either "usually cultivated or improved" or "protected by a substantial inclosure" (*Pritsiolas v Apple Bankcorp, Inc.*, 120 AD3d at 649 [internal quotation marks omitted]; *see Skyview Motel, LLC v Wald*, 82 AD3d 1081, 1082 [2011]; *BTJ Realty, Inc. v Caradonna*, 65 AD3d 657, 658 [2009]). "Since adverse possession is disfavored as a means of gaining title to land, all elements of an adverse possession claim must be proved by clear and convincing evidence" (*Ram v Dann*, 84 AD3d at 1205 [internal quotation marks omitted]; *see Best & Co. Haircutters, Ltd. v Semon*, 81 AD3d 766, 767 [2011]).

Here, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law declaring that they were the owners of the disputed property by adverse possession. They submitted evidence that the disputed property had been enclosed by fencing since at least 1992, and that both the plaintiffs and their predecessor in interest cultivated and maintained the lawn on their side of the fence until 2010, while the property on the defendant's side of the fence was wooded and remained uncultivated. The plaintiffs' possession of the property was not contested by the defendant until 2010. In opposition, the defendant failed to raise any triable issues of fact as to whether the plaintiffs' occupation of the property was under a claim of right, open and notorious, or continuous. Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment declaring that they are the owners of the disputed property by adverse possession.

The defendant's contention that the deposition transcripts of two nonparty witnesses were not admissible evidence, raised for the first time on appeal, is not properly before this Court (*see Lowe v Meacham Child Care & Learning Ctr., Inc.*, 74 AD3d 1029, 1030 [2010]; *Ross v Gidwani*, 47 AD3d 912 [2008]; *Dima v Morrow St. Assoc., LLC*, 31 AD3d 697 [2006]).

The defendant's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit

the matter to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the plaintiffs are the owners of the disputed property by adverse possession (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.