■ Maurizio Oppedisano et al., Appellants, v Frank Arnold, Respondent. [39 NYS3d 499]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiffs are the owners of the subject real property by adverse possession, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Hart, J.), entered June 8, 2015, which granted the defendant's motion for summary judgment dismissing the first, second, and fourth causes of action in the amended complaint and declaring that the defendant is the owner of the subject real property, and denied their cross motion to preclude the defendant from relying on certain evidence and pursuant to CPLR 3025 (b) for leave to serve and file a second amended complaint, and (2) an order and judgment (one paper) of the same court entered July 29, 2015, which, upon the order entered June 8, 2015, is in favor of the defendant and against them, inter alia, declaring that the defendant is the sole lawful owner of the subject real property.

Motion by the respondent to dismiss the appeal from the order entered June 8, 2015, on the ground that the right of direct appeal therefrom terminated with the entry of the order and judgment entered July 29, 2015. By decision and order on

motion of this Court dated April 5, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion to dismiss the appeal from the order entered June 8, 2015, is granted, and the appeal from the order entered June 8, 2015, is dismissed; and it is further,

Ordered that the order and judgment entered July 29, 2015, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order entered June 8, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs commenced this action pursuant to RPAPL article 15, seeking, among other things, a judgment declaring that they had acquired ownership, by adverse possession, of a parcel of property located in Queens County, identified on the tax maps for the City of New York as Block 4207, Lot 16, or, in the alternative, had acquired a prescriptive easement over the property. The Supreme Court subsequently denied the plaintiffs' motion for recusal. Additionally, the court granted the defendant's motion for summary judgment dismissing the first, second, and fourth causes of action in the amended complaint and declaring that the defendant is the owner of the subject real property, and denied the plaintiffs' cross motion to preclude the defendant from relying on certain evidence and pursuant to CPLR 3025 (b) for leave to serve and file a second amended complaint. We affirm.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the first, second, and fourth causes of action in the amended complaint and declaring that the defendant is the owner of the subject real property. To establish a claim to property by adverse possession, the claimant must prove, by clear and convincing evidence, inter alia, that the possession of the property was (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the statutory period (*see Estate*

*of Becker v Murtagh,* 19 NY3d 75, 81 [2012]; *Walling v Przybylo,* 7 NY3d 228, 232 [2006]; *Hogan v Kelly,* 86 AD3d 590, 591 [2011]). In 2008, the Legislature amended the adverse possession statutes (*see* L 2008, ch 269; *Estate of Becker v Murtagh,* 19 NY3d at 81 n 4). Among the amendments, the Legislature included a statutory definition of the "claim of right" element, to wit, "a reasonable basis for the belief that the property belongs to the adverse possessor or property owner, as the case may be" (RPAPL 501 [3]; *see Hogan v Kelly,* 86 AD3d at 592). To establish an easement by prescription, a claimant must similarly demonstrate, by clear and convincing evidence, that the use of the property was open, notorious, continuous, hostile, and under a claim of right for the requisite period (*see Morales v Riley,* 28 AD3d 623, 623 [2006]; *Allen v Mastrianni,* 2 AD3d 1023, 1024 [2003]).

Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs' possession of the subject property was neither hostile nor under a claim of right. The defendant demonstrated that the plaintiffs entered the property with permission pursuant to a "verbal lease." Additionally, the defendant submitted evidence showing that the plaintiffs had attempted to purchase the property from the defendant during the statutory period (*see Orsetti v Orsetti,* 6 AD3d 683, 684 [2004]; *Solow v Liebman,* 253 AD2d 808, 809 [1998]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Contrary to the plaintiffs' contention, the defendant's motion for summary judgment was not premature, as the plaintiffs failed to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the defendant (*see* CPLR 3212 [f]; *Joon Mgt. One Corp. v Town of Ramapo,* 142 AD3d 587 [2016]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was pursuant to CPLR 3025 (b) for leave to file and serve a second amended complaint. The proposed amendments were palpably insufficient or patently devoid of merit (*see Dorce v Gluck,* 140 AD3d 1111, 1112-1113 [2016]).

Under the circumstances of this case, there is no basis for concluding that the Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion for recusal. The plaintiffs' claims of bias or prejudice are based, in part, on alleged remarks by the court that were not set forth on the rec-

ord, and which the court denied having made. With respect to the plaintiffs' other contentions concerning the court's alleged bias or prejudice, the plaintiffs failed to establish that any alleged bias or prejudice by the court affected its ultimate determinations (*see Matter of McGrath v D'Angio*, 85 AD3d 794, 795 [2011]).

The plaintiffs' remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.