Houdek Real Estate Co., LLC v Bayport Postal Realty, LLC (2020 NY Slip Op 01049)





Houdek Real Estate Co., LLC v Bayport Postal Realty, LLC


2020 NY Slip Op 01049


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-00002
 (Index No. 4465/13)

[*1]Houdek Real Estate Company, LLC, appellant- respondent, 
v
Bayport Postal Realty, LLC, respondent-appellant.


Matthews, Kirst & Cooley, PLLC, East Hampton, NY (Brian E. Matthews and Deborah Choron of counsel), for appellant-respondent.
Donohue, McGahan & Catalano, Jericho, NY (James McGahan of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession or, in the alternative, that the plaintiff has a prescriptive easement over certain real property, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated October 6, 2016. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment, in effect, declaring that the plaintiff is not the owner of the subject property by adverse possession, and denied the plaintiff's cross motion for summary judgment, in effect, declaring that it is the owner of the subject property by adverse possession or, in the alternative, that it has a prescriptive easement over the subject property.
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings, including the entry of a judgment, inter alia, declaring that the plaintiff is not the owner of the subject property by adverse possession; and it is further,
ORDERED that one bill of costs is awarded to the defendant, payable by the plaintiff.
The plaintiff and the defendant own adjacent parcels of real property located on Montauk Highway in Bayport. In 2013, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that it is the owner of a triangular portion of certain property, bordering the plaintiff's property, by adverse possession or, in the alternative, that the plaintiff has a prescriptive easement over the subject property. The defendant moved for summary judgment, in effect, declaring that the plaintiff is not the owner of the subject property by adverse possession, and that the plaintiff does not have a prescriptive easement over the subject property. The plaintiff cross-moved for summary judgment, in effect, declaring that it is the owner of the subject property by adverse possession or, in the alternative, that it has a prescriptive easement over the subject property.
The Supreme Court granted that branch of the defendant's motion which was for summary judgment with respect to the adverse possession cause of action and denied that branch of the defendant's motion which was for summary judgment with respect to the prescriptive easement cause of action. The court denied the plaintiff's cross motion on the ground that it was untimely made more than 120 days after the filing of the note of issue. The plaintiff appeals. While the defendant filed a notice of cross appeal, it has abandoned its cross appeal.
We agree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment, in effect, declaring that the plaintiff is not the owner of the subject property by adverse possession. Under the law as it existed prior to July 7, 2008, a plaintiff asserting an adverse possession claim was required to demonstrate, inter alia, that the disputed area was either "usually cultivated or improved" or "protected by a substantial inclosure" (former RPAPL 522[1]; see Skyview Motel, LLC v Wald, 82 AD3d 1081, 1082). Legislation effective July 7, 2008, replaced the "usually cultivated or improved" language in RPAPL 522(1) so as to require a demonstration of "acts sufficiently open to put a reasonably diligent owner on notice" (RPAPL 522[1]; see Franza v Olin, 73 AD3d 44, 46). "[T]he version of the law in effect at the time the purported adverse possession allegedly ripened into title is the law applicable to the claim, even if the action was commenced after the effective date of the new legislation" (Hogan v Kelly, 86 AD3d 590, 592). Here, the plaintiff's complaint, filed in 2013, alleged that the plaintiff adversely possessed the subject property for "more than ten (10) years prior to the commencement of this action," potentially implicating both the prior and current versions of RPAPL 522(1) (see Maya's Black Cr., LLC v Angelo Balbo Realty Corp., 82 AD3d 1175, 1177).
Nevertheless, the defendant established, prima facie, that the plaintiff's alleged use of the area in question, consisting, inter alia, of planting various vegetation, mowing grass, and having its employees park their cars in that area, was insufficient to meet the standard under either version of the adverse possession statute (see Pritsiolas v Apple Bankcorp, Inc., 120 AD3d 647, 649-651). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for further proceedings, including the entry of a judgment, inter alia, declaring that the plaintiff is not the owner of the subject property by adverse possession (see Lanza v Wagner, 11 NY2d 317, 334).
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court