Bursky v Gerratano (2020 NY Slip Op 03495)





Bursky v Gerratano


2020 NY Slip Op 03495


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-06208
 (Index No. 6116/11)

[*1]Claire Bursky, et al., appellants, 
v
Emanuel Gerratano, et al., respondents.


Steven Greenfield, Westhampton Dunes, NY, for appellants.
Capuder Fazio Giacoia LLP, New York, NY (Alfred M. Fazio of counsel), for respondents.



DECISION & ORDER
In an action for declaratory and injunctive relief and to recover damages for trespass, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 7, 2017. The judgment, insofar as appealed from, upon a decision of the same court dated November 21, 2016, made after a nonjury trial, granted the defendants' counterclaim declaring that they had acquired title to the subject property by adverse possession, and thereupon, inter alia, enjoined the plaintiffs from entering upon the subject property.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
For approximately 40 years, the plaintiff Claire Bursky and the defendants lived side-by-side on adjacent properties separated by a fence. The parties believed that the fence ran along the proper boundary line between their respective properties. In 2010, Bursky and her husband, the plaintiff Stanley Indig (hereinafter together the plaintiffs), obtained a survey which revealed that approximately 126 square feet of the property on the defendants' side of the fence was part of the plaintiffs' property as described by the parties' respective deeds. The plaintiffs commenced this action for declaratory and injunctive relief and to recover damages for trespass. The defendants answered, and in their first counterclaim, sought a judgment declaring that they had acquired title to the disputed property by adverse possession.
After a nonjury trial, in a decision dated November 21, 2016, the Supreme Court found that the defendants had established adverse possession over the disputed portion of the property. In a judgment dated June 7, 2017, the court, inter alia, granted the defendants' counterclaim declaring that they had acquired title to the disputed property by adverse possession, enjoined the plaintiffs from entering upon the disputed property, and directed that the metes and bounds descriptions of the parties' respective properties be modified accordingly. The plaintiffs appeal.
In 2008, the Legislature enacted amendments to the adverse possession statutes (see L 2008, ch 269). Here, however, since title to the disputed property allegedly vested in the defendants by adverse possession in 1983, the law in effect prior to the amendments is applicable (see Estate of Becker v Murtagh, 19 NY3d 75, 81 n 4; 5262 Kings Hwy., LLC v Nadia Dev., LLC, [*2]121 AD3d 748, 749; Pakula v Podell, 103 AD3d 864). Accordingly, to establish a claim of adverse possession, "the occupation of the property must be (1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (at least 10 years)" (Estate of Becker v Murtagh, 19 NY3d at 81; see Walling v Przybylo, 7 NY3d 228, 232; Warren v Carreras, 133 AD3d 592, 593; see also CPLR 212[a]). Where, as here, the claim of right is not founded upon a written instrument or a judgment or decree, the party asserting title by adverse possession must additionally establish possession and occupancy of the land by proving either that it "has been usually cultivated or improved" or that "it has been protected by a substantial inclosure" (former RPAPL 522; see RPAPL 521). "By their nature, regular cultivation, improvement and inclosure of another's land constitute open and notorious acts of possession that would place record owners on notice of an adverse claim to the property" (Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 160). "Because the acquisition of title by adverse possession is not favored under the law, these elements must be proven by clear and convincing evidence" (Estate of Becker v Murtagh, 19 NY3d at 81; see Ray v Beacon Hudson Mtn. Corp., 88 NY2d at 159; Van Valkenburgh v Lutz, 304 NY 95, 98).
Here, the plaintiffs contend that the defendants failed to establish, by clear and convincing evidence, that their occupation of the disputed property was hostile to the plaintiffs' interests and under a claim of right, or that the defendants cultivated or improved the disputed property, or protected it with a substantial inclosure.
The defendants' testimony and documentary submissions at trial established that the disputed property sits wholly on the defendants' side of the fence, and it is improved upon by a raised concrete platform that is cemented to the fence, a portion of the rear porch to the defendants' house, as well as a portion of the staircase to that porch. The defendants' evidence further established that over the years, they had made repairs on a regular basis to the fence, the concrete platform, and the rear porch and staircase. Conversely, the trial evidence established that the plaintiffs performed no maintenance or improvements on the disputed property over the years, as they believed that it belonged to the defendants. The defendants, thus, established by clear and convincing evidence that they had improved the disputed property and protected it by a substantial inclosure, and that they held the disputed property under a claim of right and adverse to the interests of plaintiffs (see Estate of Becker v Murtagh, 19 NY3d at 82-83; Warren v Carreras, 133 AD3d at 593; cf. Pritsiolas v Apple Bankcorp, Inc., 120 AD3d 647, 650-651).
The plaintiffs' remaining contentions are without merit.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court