■ United Pickle Products Corp. et al., Appellants, v Prayer Temple Community Church, Respondent. [843 NYS2d 1]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered August 17, 2006, which, in this action to quiet title to real property, denied plaintiffs' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and plaintiff Corinne Weishaus declared the owner of the disputed parcel.

Plaintiff Corinne Weishaus is the sole owner of adjoining properties located at 4366 and 4370 Park Avenue in Bronx County,

which are leased to the family business, plaintiff United Pickle Products, for use as a factory. At issue is the ownership of a 25-foot square parcel, which adjoins the north side of the 4370 Park Avenue property and which is improved by a building extending to its boundary lines and accessible only from the factory. The disputed parcel was formerly used by Hunter Paper Company, which leased the 4370 property from its former owner, Can-Kap Realty Corp. until its sale to the Weishaus family in 1979. Though the disputed parcel is located on property that has been owned by defendant church since 1976, it has been used exclusively by the factory for storage since 1979.

The parties simultaneously submitted opposing motions seeking summary judgment under RPAPL article 15. Defendant argued that plaintiffs' use of the disputed parcel was permissive. The affidavit of the church's bishop states that its property was formerly occupied by a milk producer, whose owner orally granted permission to United Pickle to use the disputed parcel to unload trucks. The affidavit asserts that plaintiffs "enter[ed] onto the land under which defendant's [*sic*] owned without the permission of defendant" and "trespassed by the unauthorized entry on the land without permission of, or payment to, defendant, and their conduct of operations on the land destroyed the market value of defendant's . . . property."

Plaintiffs submitted with their moving papers deeds, surveys of the properties (including the disputed parcel), photographs and the affidavit of United Pickle's owner, which recites the history of the disputed parcel. It avers that while under the factory's exclusive possession and control since the 4370 property was acquired in 1979, defendant made no claim to be the rightful owner until 1997, when the bishop orally related his belief that the 25-foot square parcel belonged to the church. The affidavit concludes that the intervening period of its exclusive and unchallenged use as a storeroom by the factory establishes plaintiffs' claim of adverse possession. A survey dating back to 1940 shows the disputed parcel to be walled off and included as part of the 4370 property. Defendant did not submit separate papers in opposition to plaintiff's motion.

To prevail on an adverse possession claim, five elements must be established: "possession must be hostile and under claim of right, it must be actual, it must be open and notorious, it must be exclusive, and it must be continuous" (*Nazarian v Pascale*, 225 AD2d 381, 382 [1996]) throughout the 10-year statutory period (RPAPL 501). Possession is hostile when it "constitutes an actual invasion of or infringement upon the owner's rights" (*Katona v Low*, 226 AD2d 433, 434 [1996]). A claim of right is

"[b]y definition . . . adverse to the title owner and also in opposition to the rights of the true owner" (*Walling v Przybylo*, 7 NY3d 228, 232 [2006]). Hostility can be inferred simply from the existence of the remaining four elements, thus shifting the burden to the record owner to produce evidence rebutting the presumption of adversity (*Nazarian*, 225 AD2d at 383).

Here, the disputed parcel is "protected by a substantial inclosure" (RPAPL 522) and improved by a structure, extending to its boundaries, walled off and accessible only from plaintiffs' property. Thus, their use has been actual, exclusive, open and notorious and continuous for a period of at least 10 years (*see Guardino v Colangelo*, 262 AD2d 777, 778 [1999] ["Clearly, the erection of a building constitutes an 'open and notorious' use of the disputed area"]). Their exclusive access renders their possession hostile (*Katona*, 226 AD2d at 434). The parcel is included as part of plaintiffs' property in a 1940 survey, and there is no evidence that the church advanced any claim to be the rightful owner of the property from 1979 to 1997. In view of plaintiffs' founded belief that the parcel was part of their property, their possession is under a claim of right (*see Walling*, 7 NY3d at 233).

That the owner of the milk distributor may have given plaintiff factory permission to use the parcel does not negate hostility. Even considering the hearsay evidence contained in the bishop's affidavit (*see Led Duke v Sommer*, 205 AD2d 1009, 1011 [1994]), nothing short of "[s]eeking permission for use from the record owner negates hostility" (*City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 124 [1982], *appeal dismissed* 58 NY2d 824 [1983]), and the milk distributor was not an owner. The church concedes that plaintiffs' possession was "without the permission of defendant." Thus, plaintiffs have satisfied the statutory and common-law criteria for acquisition of title by adverse possession (*see Brand v Prince*, 35 NY2d 634, 636-637 [1974]). Concur—Tom, J.P., Marlow, Nardelli, Gonzalez and Kavanagh, JJ.