■ DAVID BROSER, Respondent, v CLARK SCHUBACH et al., Appellants. [925 NYS2d 875]—

In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered October 5, 2009, as denied that branch of their motion which was for summary judgment on so much of their second counterclaim as, in effect, was pursuant to RPAPL 871 for an injunction compelling the plaintiff to remove a fence allegedly encroaching on their real property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment on so much of their second counterclaim as, in effect, was pursuant to RPAPL 871 for an injunction compelling the plaintiff to remove a fence allegedly encroaching on their real property. In support of their motion, the defendants established, prima facie, that the subject fence encroached upon their real property. In order to obtain the injunctive relief they sought, however, the defendants were required to demonstrate not only the existence of the encroachment, but that the benefit to be gained by compelling its removal would outweigh the harm that would result to the plaintiff from granting such relief (*see* RPAPL 871; *Marsh v Hogan*, 81 AD3d 1241, 1242 [2011]; *Town of Fishkill v Turner*, 60 AD3d 932, 933 [2009]). Here, the defendants' submissions failed to demonstrate the absence of any triable issues of fact concerning whether the balance of equities weighed in their favor (*see Town of Fishkill v Turner*, 60 AD3d at 933; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly denied the subject branch of their motion, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.