■ Hudson Square Hotel, LLC, Respondent, v Stathis Enterprises, LLC, et al., Appellants. [33 NYS3d 724]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered March 23, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on the first (encroachment) and fourth (trespass) causes of action as they relate to the encroaching portion of defendant Stathis Enterprises, LLC's building, and dismissing defendants' affirmative defenses and counterclaims, and denied defendants' motion for summary judgment dismissing the complaint and on their counterclaims, unanimously modified, on the law, to deny plaintiff's motion as

to the first and fourth causes of action as they relate to the encroaching portion of the building and as to dismissal of the first (adverse possession) and second (statute of limitations) affirmative defenses and the first and second counterclaims (adverse possession), and to grant defendants' motion as to the first, second (injunctive relief), and fourth causes of action to the extent they relate to the encroaching portion of the building, and on the first and second counterclaims, and otherwise affirmed, without costs.

It is undisputed that a one-story building owned by defendant Stathis Enterprises, LLC, has encroached upon plaintiff's adjoining property since at least 1986, when Stathis's predecessor-in-interest bought the property with the building on it. Since that time, the building, which is accessible only through Stathis's and its related entities' offices, has been used exclusively by Stathis, its predecessor, and related entities. These facts establish the common-law elements of adverse possession (*see United Pickle Prods. Corp. v Prayer Temple Community Church*, 43 AD3d 307 [1st Dept 2007], *lv denied* 9 NY3d 977 [2007]; CPLR 212 [a]). The fact of the building on the land also satisfies the requirement of the statute in effect at the relevant time that a party claiming title under adverse possession not founded upon a written instrument or judgment must establish that the land either "has been usually cultivated or improved" or "has been protected by a substantial inclosure" (former RPAPL 522; *see* L 2008, ch 269, § 5).

It is the encroachment on the land (along with the other elements) that allows title to pass to the adverse possessor (*see e.g. Estate of Becker v Murtagh*, 19 NY3d 75, 81 [2012]; *Walling v Przybylo*, 7 NY3d 228, 233 [2006]; *Joseph v Whitcombe*, 279 AD2d 122, 125 [1st Dept 2001]). With title to land come air rights (*Macmillan, Inc. v CF Lex Assoc.*, 56 NY2d 386, 392 [1982]). Since Stathis's vertical extension of the building (the addition of a second story) did not encroach further onto plaintiff's property, it was permitted by virtue of Stathis's title to the land. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ.