■ ESTATE OF VERTLEY CLANTON, Deceased, Respondent, v CITY OF NEW YORK, Appellant. [60 NYS3d 362]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Genovesi, J.), dated January 11, 2016, as granted the plaintiff's motion for summary judgment declaring that the plaintiff is the sole owner of the subject real property, denied the defendant's cross motion for summary judgment on its counterclaim, in effect, for a judgment declaring that it has acquired title to the property by adverse possession, and enjoined the defendant from entering the property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment is denied, the defendant's cross motion for summary judgment on its counterclaim, in effect, for a judgment declaring that it has acquired title to the subject property by adverse possession is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant has acquired title to the subject property by adverse possession.

In 1948, the plaintiff's predecessors in interest purchased real property in Brooklyn. For at least 30 years, the subject property, which is in the middle of other lots owned by the defendant, City of New York, has been used by the New York City Department of Sanitation (hereinafter the DSNY) as a truck parking lot. During this time, the DSNY has paved the property, fenced it in, and installed lighting. In 2006, the plaintiff filed a notice of claim against the City regarding the property and in 2007, the plaintiff commenced an action, inter alia, for a declaration that it is the sole owner of the property. The City counterclaimed, in effect, for a judgment declaring that it had acquired title to the property by adverse possession. The plaintiff contended, and the Supreme Court held, that the City's collection of tax payments from the plaintiff and its predecessors over the years constituted an admission or a concession that it did not possess the property under claim of right, thereby defeating its claim of adverse possession.

In 2008, the legislature enacted sweeping changes to the provisions of RPAPL that address claims of adverse possession (*see* L 2008, ch 269, § 5). The 2008 amendments to the adverse possession statutes contained in RPAPL article 5 (*see* L 2008, ch 269, § 5) are not applicable where the alleged adverse possessor's property right, as alleged, vested prior to the enactment of those amendments (*see Galchi v Garabedian*, 105 AD3d 700 [2013]; *Pakula v Podell*, 103 AD3d 864 [2013]; *Matter of Lee*, 96 AD3d 941 [2012]; *Sprotte v Fahey*, 95 AD3d 1103 [2012]; *Shilkoff v Longhitano*, 94 AD3d 974 [2012]; *Hogan v Kelly*, 86 AD3d 590 [2011]; *see also Barra v Norfolk S. Ry. Co.*, 75 AD3d 821 [2010]; *Franza v Olin*, 73 AD3d 44, 47 [2010]). It is of no consequence that the adverse possessor did not seek to quiet title until after the amended RPAPL went into effect, provided that the possessor's title vested in the property by adverse possession before the amendments took effect (*see Franza v Olin*, 73 AD3d at 47). Moreover, "RPAPL 501 (2), as amended, recognizes that title, not the right to commence an action to determine title, is obtained upon the expiration of the limita-

tions period" (*id.* [emphasis omitted]). As such, the 2008 amendments are inapplicable here.

Under the law before the 2008 amendments, in order to establish a claim to property by adverse possession, a claimant must prove, inter alia, that possession of the property was: (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the required period (*see Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *Belotti v Bickhardt*, 228 NY 296, 302 [1920]; *Hogan v Kelly*, 86 AD3d 590 [2011]; *Bratone v Conforti-Brown*, 79 AD3d 955, 957 [2010]; *Asher v Borenstein*, 76 AD3d 984, 986 [2010]; *Gourdine v Village of Ossining*, 72 AD3d 643 [2010]).

The purpose of the hostility requirement is to provide the title owner notice of the adverse claim through the "unequivocal acts of the usurper" (*Monnot v Murphy*, 207 NY 240, 245 [1913]; *see Walling v Przybylo*, 7 NY3d at 232; *Bratone v Conforti-Brown*, 79 AD3d at 957; *Hall v Sinclaire*, 35 AD3d 660, 662 [2006]). A rebuttable presumption of hostility arises from possession accompanied by the usual acts of ownership, and this presumption continues until the possession is shown to be subservient to the title of another (*see Estate of Becker v Murtagh*, 19 NY3d 75, 82 [2012]). "Hostility can be inferred simply from the existence of the remaining four elements, thus shifting the burden to the record owner to produce evidence rebutting the presumption of adversity" (*Bratone v Conforti-Brown*, 79 AD3d at 957 [internal quotation marks omitted]; *see United Pickle Prods. Corp. v Prayer Temple Community Church*, 43 AD3d 307, 309 [2007]; *Harbor Estates Ltd. Partnership v May*, 294 AD2d 399, 400 [2002]; *City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118 [1982]).

Here, the City established its prima facie entitlement to judgment as a matter of law by submitting evidence establishing that its possession of the property was actual, open and notorious, exclusive, and continuous for at least 10 years. Therefore, the burden shifted to the plaintiff to rebut the presumption of adversity. We conclude that the mere payment of taxes on the subject property is insufficient to rebut the presumption. Even assuming that knowledge of the true ownership of the property can be imputed to another municipal department in the City, such knowledge is not sufficient to defeat a claim of adverse possession (*see Walling v Przybylo*, 7 NY3d 228 [2006]). Accordingly, the Supreme Court should have denied the plaintiff's motion, granted the City's cross motion, and entered a judgment declaring that the City has acquired title to the subject property by adverse possession. Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.