Kimball v Bay Ridge United Methodist Church (2018 NY Slip Op 00417)





Kimball v Bay Ridge United Methodist Church


2018 NY Slip Op 00417


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-03575
 (Index No. 3685/16)

[*1]David S. Kimball, et al., appellants, 
v
Bay Ridge United Methodist Church, respondent, et al., defendant.


Law Office of Mary T. Dempsey, P.C., New York, NY, for appellants.
Moritt Hock & Hamroff LLP, New York, NY (Gregory G. Calabro and Andrew D. Briker of counsel), for respondent.



DECISION & ORDER
In an action for declaratory and injunctive relief, the plaintiffs appeal, as limited by their brief and letter dated May 18, 2017, from so much of an order of the Supreme Court, Kings County (Landicino, J.), dated March 30, 2017, as granted that branch of the motion of the defendant Bay Ridge United Methodist Church which was for summary judgment on its counterclaim sounding in trespass to the extent of determining that certain cladding and a drip edge encroached onto that defendant's property and directing the removal of the cladding and drip edge.
ORDERED that the order is modified, on the law, by deleting the provision thereof directing the removal of the cladding and drip edge; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The plaintiffs own a building in Brooklyn that shared a party wall with a church building owned by the defendant Bay Ridge United Methodist Church (hereinafter the defendant) until the church building was demolished in 2008. In 2015, the plaintiffs caused certain cladding and a drip edge to be installed on the wall. After the plaintiffs commenced this action for declaratory and injunctive relief, the defendant asserted a counterclaim alleging, inter alia, that the cladding and drip edge constituted a trespass. In the order appealed from, the Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment on the counterclaim sounding in trespass to the extent of determining that the cladding and drip edge encroached onto the defendant's property and directing the removal of the cladding and drip edge. The plaintiffs appeal.
Contrary to the plaintiffs' contention, the defendant established, prima facie, that the cladding and drip edge encroached onto its property (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). In opposition, the plaintiffs failed to raise a triable issue of fact regarding whether the cladding and drip edge encroached onto the defendant's property. Accordingly, the Supreme Court properly granted summary judgment to the defendant on the issue of whether the cladding and drip edge encroached onto the defendant's property.
However, the Supreme Court erred in granting summary judgment to the defendant on the issue of whether it was entitled to an injunction directing the plaintiffs to remove the cladding and drip edge. RPAPL 871(1) provides that an "action may be maintained by the owner of any legal estate in land for an injunction directing the removal of a structure encroaching on such land. Nothing herein contained shall be construed as limiting the power of the court in such an action to award damages in an appropriate case in lieu of an injunction or to render such other judgment as the facts may justify." In order to obtain injunctive relief pursuant to RPAPL 871(1), a party is "required to demonstrate not only the existence of [an] encroachment, but that the benefit to be gained by compelling its removal would outweigh the harm that would result to [the encroaching party] from granting such relief" (Broser v Schubach, 85 AD3d 957, 957; see Marsh v Hogan, 81 AD3d 1241, 1242-1243; Town of Fishkill v Turner, 60 AD3d 932, 933). Here, the defendant failed to demonstrate the absence of any triable issues of fact concerning whether the balance of equities weighed in its favor (see Broser v Schubach, 85 AD3d at 957; Town of Fishkill v Turner, 60 AD3d at 933; see also Wing Ming Props. [U.S.A] v Mott Operating Corp., 79 NY2d 1021, 1023).
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court