Megalli v Yeager (2018 NY Slip Op 08637)





Megalli v Yeager


2018 NY Slip Op 08637


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-08691
 (Index No. 60397/12)

[*1]Maguid Megalli, et al., respondents,
v
Scott Yeager, et al., appellants.


Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Kevin Schlosser and Lynn M. Brown of counsel), for appellants.
Maker, Fragale & DiCostanzo, LLP, Rye, NY (William Maker, Jr., of counsel), for respondents.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property, the defendants appeal from a judgment of the Supreme Court, Westchester County (Sam D. Walker, J.), entered July 18, 2016. The judgment, insofar as appealed from, upon a decision of the same court dated July 14, 2015, made after a nonjury trial, declared that the plaintiffs had acquired title by adverse possession of the portion of the disputed property that is encroached by a tennis court.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiffs and the defendants are owners of adjoining lots in Rye, New York. Each lot is more than one acre. A tennis court has been located along the entire width of the western portion of the plaintiffs' backyard since prior to the plaintiffs' acquisition of the property in 1977. A survey prepared in connection with the marketing of the property by the defendants' predecessors-in-interest indicated that 1,948 square feet of the southern portion of the tennis court, approximately 22%, was located on the defendants' property. In 2002, after the plaintiffs declined the offer of the defendants' predecessors-in-interest to enter into an agreement regarding the use/ownership of the tennis court, the defendants acquired the property, which was subject to the encroachment. Thereafter, the defendants, with the plaintiffs' permission, enjoyed the use of the tennis court until 2012, when the defendants refused to allow a contractor hired by the plaintiffs to resurface the portion that was on the defendants' property. The plaintiffs commenced this action, alleging, inter alia, that they had acquired title to the disputed portion of the tennis court in 2002 through adverse possession. After a nonjury trial, the Supreme Court determined that the plaintiffs met the requirements to obtain title to the disputed property by adverse possession.
In reviewing a determination made after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial judge had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Bratone v Conforti-Brown, 150 AD3d 1068, 1070; Air Stream Corp. v 3300 Lawson Corp., 99 AD3d 822, 825).
In 2008, the Legislature enacted changes to the adverse possession statutes (see L 2008, ch 269; 5262 Kings Hwy., LLC v Nadia Dev., LLC, 121 AD3d 748, 748; Hogan v Kelly, 86 A3d 590, 591-592). Here, since title allegedly vested in the plaintiffs by adverse possession in 2002 at the latest, the law in effect prior to the amendments is applicable (see Warren v Carreras, 133 AD3d 592, 593). Accordingly, the plaintiffs were required to demonstrate that their possession was (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years, and that the subject parcel was "usually cultivated or improved" or "protected by a substantial inclosure" (Estate of Becker v Murtagh, 19 NY3d 75, 81; see Walling v Przybylo, 7 NY3d 228, 233; Estate of Clanton v City of New York, 153 AD3d 787, 789; see also RPAPL former 501, 522).
The purpose of the hostility requirement is to provide the title owner notice of the adverse claim through the "unequivocal acts of the usurper" (Monnot v Murphy, 207 NY 240, 245; see Walling v Przybylo, 7 NY3d at 232; Estate of Clanton v City of New York, 153 AD3d at 789). "Hostility can be inferred simply from the existence of the remaining four elements, thus shifting the burden to the record owner to produce evidence rebutting the presumption of adversity" (Bratone v Conforti-Brown, 150 AD3d at 1070 [citations omitted]; see United Pickle Prods. Corp. v Prayer Temple Community Church, 43 AD3d 307, 309).
Here, the plaintiffs established that their possession was actual, open and notorious, exclusive and continuous for the statutory period of 10 years, and that the subject parcel was usually cultivated or improved and protected by a substantial inclosure (see Estate of Becker v Murtagh, 19 NY3d at 83; Air Stream Corp. v 3300 Lawson Corp., 99 AD3d at 825). Accordingly, the burden shifted to the defendants to produce evidence rebutting the presumption of adversity (see Estate of Clanton v City of New York, 153 AD3d at 789; Barra v Norfolk S. Ry. Co., 75 AD3d 821, 824). Contrary to their contention, the defendants failed to establish that the plaintiffs used the disputed property with the permission of the defendants' predecessors-in-interest during the prescriptive period (see Estate of Becker v Murtagh, 19 NY3d at 82-83; Sprotte v Fahey, 95 AD3d 1103, 1105; Hall v Sinclaire, 35 AD3d 660, 663). Thus, we agree with the Supreme Court that the plaintiffs satisfied all the prerequisites for a finding of adverse possession.
LEVENTHAL, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court