Waterview Towers, Inc. v 2610 Cropsey Dev. Corp. (2020 NY Slip Op 01665)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Waterview Towers, Inc. v 2610 Cropsey Dev. Corp.

2020 NY Slip Op 01665

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-01158
(Index No. 11719/07)

[*1]Waterview Towers, Inc., respondent,
v2610 Cropsey Development Corp., appellant, et al., defendants.

Harras, Bloom & Archer LLP, Melville, NY (Linda S. Agnew of counsel), for appellant.
D'Agostino, Levine, Landesman & Lederman, LLP, New York, NY (Bruce H. Lederman and Christopher M. Tarnok of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property, the defendant 2610 Cropsey Development Corp. appeals from a judgment of the Supreme Court, Kings County (Kathy J. King, J.), dated December 15, 2016. The judgment, insofar as appealed from, upon a decision of the same court dated October 31, 2016, made after a nonjury trial, is in favor of the plaintiff and against that defendant, inter alia, declaring that the plaintiff is the owner by adverse possession of certain real property, and dismissing the defendant's counterclaims.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant 2610 Cropsey Development Corp. (hereinafter the defendant) are owners of properties in Kings County that abut Centre Place, a private driveway/street. The plaintiff owns tax block 6933, lot 55; the defendant owns tax block 6933, lots 48 and 51. A small parking lot has been located along the half of Centre Place abutting the plaintiff's property since prior to the defendant's acquisition of the neighboring property in 2005. The properties located at tax block 6933, lots 51 and 55 also abutted a mapped street known as Stillwell Avenue/Bay 43rd Street. In 1959, the subject section of Stillwell Avenue/Bay 43rd Street was eliminated and ultimately became part of the plaintiff's building complex. After the defendant acquired lots 48 and 51, it asserted ownership of the entirety of Centre Place, including the small parking lot historically used by the plaintiff and the plaintiff's predecessor in interest. The plaintiff commenced this action, alleging, inter alia, that it had acquired title to the disputed portion of Centre Place through adverse possession. After a nonjury trial, the Supreme Court determined that the plaintiff met the requirements to obtain title to the disputed property by adverse possession and dismissed the defendant's counterclaims.
In reviewing a determination made after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial judge had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Bratone v Conforti-Brown, 150 AD3d 1068, 1070; Air Stream Corp. [*2]v 3300 Lawson Corp., 99 AD3d 822, 825).
In 2008, the Legislature enacted changes to the adverse possession statutes (see L 2008, ch 269; 5262 Kings Hwy., LLC v Nadia Dev., LLC, 121 AD3d 748, 748; Hogan v Kelly, 86 AD3d 590, 591-592). Here, since title allegedly vested in the plaintiff by adverse possession in 2006 at the latest, the law in effect prior to the amendments is applicable (see Warren v Carreras, 133 AD3d 592, 593). Accordingly, the plaintiff was required to demonstrate that its possession was (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years, and that the subject parcel was "usually cultivated or improved" or "protected by a substantial inclosure" (Estate of Becker v Murtagh, 19 NY3d 75, 81; see Walling v Przybylo, 7 NY3d 228, 233; Estate of Clanton v City of New York, 153 AD3d 787, 789; see also RPAPL former 501, 522).
The purpose of the hostility requirement is to provide the title owner notice of the adverse claim through the "unequivocal acts of the usurper" (Monnot v Murphy, 207 NY 240, 245; see Walling v Przybylo, 7 NY3d at 232; Estate of Clanton v City of New York, 153 AD3d at 789). "Hostility can be inferred simply from the existence of the remaining four elements, thus shifting the burden to the record owner to produce evidence rebutting the presumption of adversity" (Bratone v Conforti-Brown, 150 AD3d at 1070 [internal quotation marks omitted]; see United Pickle Prods. Corp. v Prayer Temple Community Church, 43 AD3d 307, 309).
Here, the plaintiff established that its possession was actual, open and notorious, exclusive, and continuous for the statutory period of 10 years, and that the subject section of Centre Place that it utilized as a small parking lot was usually cultivated or improved (see Estate of Becker v Murtagh, 19 NY3d at 83; Air Stream Corp. v 3300 Lawson Corp., 99 AD3d at 825). Accordingly, the burden shifted to the defendant to produce evidence rebutting the presumption of adversity (see Estate of Clanton v City of New York, 153 AD3d at 789; Barra v Norfolk S. Ry. Co., 75 AD3d 821, 824). Contrary to the defendant's contention, the so-called "paper street rule" is inapplicable under the instant circumstances and cannot defeat the plaintiff's claim, because Centre Place has been opened and in existence as a street for more than 100 years (see Spiegel v Ferraro, 73 NY2d 622, 625-627; Will v Gates, 254 AD2d 275, 276). Thus, we agree with the Supreme Court that the plaintiff satisfied all the prerequisites for a finding of adverse possession. Moreover, we agree with the court that the practical location doctrine applies to the instant facts so as to place the boundary line of Centre Place along the center line of that street (see Jakubowicz v Solomon, 107 AD3d 852, 852-853).
The defendant's remaining contentions are without merit.
We decline the plaintiff's request pursuant to 22 NYCRR 130-1.1 based on the defendant's allegedly frivolous conduct.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court