Montanaro v Rudchyk (2020 NY Slip Op 07560)





Montanaro v Rudchyk


2020 NY Slip Op 07560


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-11332
 (Index No. 152343/17)

[*1]Karen Montanaro, et al., appellants,
v
Mykola Rudchyk, respondent.


Vincent A. Albunio, Staten Island, NY, for appellants.
Auciello Law Group, P.C. (Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property and to recover damages for trespass, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated August 2, 2018. The order, insofar as appealed from, denied those branches of the plaintiffs' cross motion which were, in effect, for summary judgment declaring that the plaintiffs are the lawful owners of the disputed real property by adverse possession and on the issue of liability on the cause of action alleging trespass, and for injunctive relief.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiffs' cross motion which were, in effect, for summary judgment declaring that the plaintiffs are the lawful owners of the disputed real property by adverse possession and on the issue of liability on the cause of action alleging trespass, and substituting therefor a provision granting those branches of the plaintiffs' cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring that the plaintiffs are the lawful owners of the disputed property by adverse possession.
In October 2017, the plaintiffs commenced this action, inter alia, pursuant to RPAPL article 15 to determine claims to a disputed area of land (hereinafter the disputed property) between the plaintiffs' property at 107 Alter Avenue and the defendant's adjacent property at 103 Alter Avenue. According to the plaintiffs, the disputed property is approximately 82 feet long and 1.5 feet wide and consists of a small strip of grass, a retaining wall, which runs the length of the disputed property, and a portion of a side walkway that runs parallel with the retaining wall and leads to stairs into the backyard of 107 Alter Avenue. The defendant moved for summary judgment dismissing the cause of action alleging adverse possession of the disputed property. The plaintiffs cross-moved, inter alia, in effect, for summary judgment declaring that the plaintiffs are the lawful owners of the disputed property by adverse possession and on the issue of liability on the cause of action alleging trespass, and to direct the defendant to remove all encroachments that he placed upon the plaintiffs' property. By order dated August 2, 2018, the Supreme Court, inter alia, denied the motion and the cross motion. The plaintiffs appeal from so much of the order as denied these branches of their cross [*2]motion.
The Supreme Court should have granted that branch of the plaintiffs' cross motion which was, in effect, for summary judgment declaring that they own the disputed property by adverse possession. As an initial matter, contrary to the defendant's contention, the plaintiffs demonstrated that ownership of the disputed property vested by adverse possession in the original owners of 107 Alter Avenue, prior to 2008 (see Estate of Clanton v City of New York, 153 AD3d 787, 788-789). In opposition, the defendant failed to raise a triable issue of fact. Thus, the 2008 amendments to the provisions of RPAPL article 15 that address claims of adverse possession do not apply (see Estate of Clanton v City of New York, 153 AD3d at 788-789). Pursuant to the pre-amendment law, in order to establish a claim to property by adverse possession, the claimant must prove that possession of the property was: (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the required period (see Estate of Clanton v City of New York, 153 AD3d at 789; Asher v Borenstein, 76 AD3d 984, 986). Additionally, under the relevant provision of RPAPL 522 that was in effect at the time of the events during which the plaintiffs allege the disputed property was adversely possessed, the plaintiffs were required to prove that the disputed property was either usually cultivated or improved or protected by a substantial inclosure (see Asher v Borenstein, 76 AD3d at 986). All elements of an adverse possession claim must be proved by clear and convincing evidence (see Marrone v Kally, 109 AD3d 880, 882; Best & Co. Haircutters, Ltd. v Semon, 81 AD3d 766, 767).
Here, in support of their cross motion, the plaintiffs submitted, among other things, affidavits of Joanne Luria, who resided at 107 Alter Avenue from 1961 until 2011, and Stephen Luria, who assisted Joanne Luria's father in maintaining the property starting in 1965. According to the affidavit of Joanne Luria, the retaining wall, and the concrete walkway, a portion of which is within the disputed property, have been present since the time the house at 107 Alter Avenue was built in 1961. Stephen Luria affirmed that the retaining wall runs the length of the disputed property, and the adjacent walkway, a portion of which is at issue, leads to an entrance way to the house as well as to steps into the backyard of 107 Alter Avenue, and that he assisted Joanne Luria's father in mowing, shoveling, landscaping, and maintaining the disputed property. These affidavits demonstrated, prima facie, that possession of the disputed property was actual, open and notorious, exclusive, and continuous since 1961 when the house at 107 Alter Avenue was built—which is a period of time greater than 10 years (see Estate of Clanton v City of New York, 153 AD3d at 789; Asher v Borenstein, 76 AD3d at 986).
Contrary to the defendant's contention, the plaintiffs' submissions specifically demonstrated that the original owners' use of the disputed property was continuous from 1961 until 1977. Additionally, contrary to the defendant's contention, the element of "'[h]ostility can be inferred simply from the existence of the remaining four elements, thus shifting the burden to the record owner to produce evidence rebutting the presumption of adversity'" (Estate of Clanton v City of New York, 153 AD3d at 789, quoting Bratone v Conforti-Brown, 79 AD3d 955, 957 [internal quotation marks omitted]). Here, the plaintiffs proved the four other elements of adverse possession by clear and convincing evidence (see e.g. Best & Co. Haircutters, Ltd. v Semon, 81 AD3d at 768; Asher v Borenstein, 76 AD3d at 987) and the defendant submitted no evidence to rebut the presumption of adversity (see Estate of Clanton v City of New York, 153 AD3d at 789).
The affidavits also demonstrated that the disputed area was cultivated and improved in accordance with former RPAPL 522. The "type of cultivation or improvement sufficient to satisfy the statute will vary with the character, condition, location and potential uses for the property" (Birnbaum v Brody, 156 AD2d 408, 408). The mowing of the grass area to the western edge of the retaining wall, the landscaping of plants in the disputed property, and the shoveling of snow on the walkway constituted usual cultivation, given that area's character and potential use (see Birnbaum v Brody, 156 AD2d at 409; Bassett v Nichols, 26 AD2d 569). Moreover, the concrete walkway constituted an improvement of the disputed property (see e.g. Asher v Borenstein, 76 AD3d at 987).
The defendant's contention that the plaintiffs failed to demonstrate that the disputed [*3]property was transferred to them is without merit. According to the affidavits of Stephen Luria and Joanne Luria, upon the prior owner's death, Joanne Luria and her brother inherited the 107 Alter Avenue property (see EPTL 4-1.1) and Joanna Luria and Stephen Luria subsequently purchased her brother's interest in 107 Alter Avenue. The affidavits of Joanne Luria and Stephen Luria demonstrate that the disputed property was transferred to the plaintiffs when they acquired the property in 2011 (see Brand v Prince, 35 NY2d 634, 637; Oistacher v Rosenblatt, 220 AD2d 493, 494). Thus, the plaintiffs presented evidence establishing, prima facie, that they acquired the property by adverse possession, and the defendant failed to raise a triable issue of fact in opposition (see Kelly v Bastianic, 93 AD3d 691, 693-694). Accordingly, the Supreme Court should have granted that branch of the plaintiffs' cross motion which was, in effect, for summary judgment declaring that the plaintiffs are the lawful owners of the disputed property by adverse possession.
The Supreme Court also should have granted that branch of the plaintiffs' cross motion which was, in effect, for summary judgment on the issue of liability on the trespass cause of action. To meet their prima facie burden, the plaintiffs were required to demonstrate that the defendant intentionally entered onto the land belonging to the plaintiffs without justification or permission (see Carlson v Zimmerman, 63 AD3d 772, 773; see e.g. Marone v Kally, 109 AD3d 880, 882). "'Liability may attach regardless of defendant's mistaken belief that he or she had a right to enter'" (Marone v Kally, 109 AD3d at 883 [alterations omitted], quoting State of New York v Johnson, 45 AD3d 1016, 1019). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the trespass cause of action by submitting the affidavit of the plaintiff Jamie Montanaro, who averred that, in December 2016, the defendant removed a portion of the retaining wall on the disputed property and built a garage which encroaches upon the disputed property (see Carlson v Zimmerman, 63 AD3d at 773-774; see e.g. Marone v Kally, 109 AD3d at 883). The plaintiffs also submitted the affidavit of a land surveyor who averred that the new garage encroached upon the disputed property (see e.g. Marone v Kally, 109 AD3d at 882-883). In opposition, the defendant failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
However, we agree with the Supreme Court's determination denying that branch of the plaintiffs' cross motion which was to direct the defendant to remove all encroachments upon the disputed property. RPAPL 871(1) provides that an "action may be maintained by the owner of any legal estate in land for an injunction directing the removal of a structure encroaching on such land. Nothing herein contained shall be construed as limiting the power of the court in such an action to award damages in an appropriate case in lieu of an injunction or to render such other judgment as the facts may justify." In order to obtain injunctive relief pursuant to RPAPL 871(1), a party is "'required to demonstrate not only the existence of [an] encroachment, but that the benefit to be gained by compelling its removal would outweigh the harm that would result to [the encroaching party] from granting such relief'" (Kimball v Bay Ridge United Methodist Church, 157 AD3d 877, 878, quoting Broser v Schubach, 85 AD3d 957, 957; see Marsh v Hogan, 81 AD3d 1241, 1242). Here, the plaintiffs failed to demonstrate the absence of any triable issues of fact concerning whether the balance of equities weighed in their favor (see Kimball v Bay Ridge United Methodist Church, 159 AD3d at 878; Broser v Schubach, 85 AD3d at 957). Accordingly, the court properly denied that branch of the plaintiffs' motion, without regard to the sufficiency of the defendant's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring that the plaintiffs are the owners of the disputed property by adverse possession (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court