Schulz v Gilmore (2021 NY Slip Op 05882)





Schulz v Gilmore


2021 NY Slip Op 05882


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-01806
 (Index No. 23198/03)

[*1]Donald Schulz, et al., appellants, 
v
Jean Gilmore, et al., respondents.


Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP, Riverhead, NY (Christopher B. Abbott of counsel), for appellants.
Wickham, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for respondents.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to certain real property, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (W. Gerard Asher, J.), entered January 3, 2018. The judgment, upon a decision of the same court dated December 19, 2017, made after a nonjury trial, is in favor of the defendants and against the plaintiffs on their counterclaim, inter alia, declaring that the defendant William Gilmore is the owner of certain real property, and dismissing the amended complaint.
ORDERED that the judgment is affirmed, with costs.
In 2002, the plaintiffs purchased property located at Center and Front Streets, in South Jamesport (hereinafter the plaintiffs' property), identified as Section 92, Block 04, Lot 1, on the Suffolk County tax map. Directly to the north of the plaintiffs' property, across Front Street, is property belonging to nonparty Linda Gianelli (hereinafter the Gianelli property). The defendants own an inverted "L" shaped property, acquired in 1966, that borders the Gianelli property to the north and the west. The plaintiffs' property is situated south and southeast of the defendants' property. The Great Peconic Bay is to the west and south of the plaintiffs' and the defendants' properties.
In 2003, the plaintiffs commenced this action pursuant to RPAPL article 15 to determine claims to certain real property located in South Jamesport, which they identified in their amended complaint as the "Accreted Parcel" and the "Red Parcel." In their answer, the defendants asserted a counterclaim seeking a judgment declaring that they are the lawful owners of the disputed property by deed, or, in the alternative, by adverse possession. After a nonjury trial, the Supreme Court, inter alia, determined that the defendants met the requirements to obtain title to the disputed property by adverse possession and dismissed the amended complaint.
"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial judge had the advantage of seeing and hearing the witnesses" (Bratone v Conforti-Brown, 150 AD3d 1068, 1070; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Waterview Towers, Inc. v 2610 Cropsey Dev. Corp., 181 AD3d 754, 755).
In order to establish a claim to property by adverse possession, the claimant must prove that possession of the property was: (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the required period (see Waterview Towers, Inc. v 2610 Cropsey Dev. Corp., 181 AD3d at 755-756; Estate of Clanton v City of New York, 153 AD3d 787, 789). Additionally, under the relevant provision of RPAPL 522 that was in effect at the time of the events during which the defendants allege the disputed property was adversely possessed, the defendants were required to prove that the disputed property was either usually cultivated or improved or protected by a substantial inclosure (see Estate of Becker v Murtagh, 19 NY3d 75, 81; Montanaro v Rudchyk, 189 AD3d 1214, 1216; Waterview Towers, Inc. v 2610 Cropsey Dev. Corp., 181 AD3d at 756; see also RPAPL former 501, 522).
Here, contrary to the plaintiffs' contention, the uncontroverted testimony of the defendants established that, from 1967 until the instant action was commenced in 2003, their possession of the disputed property was actual, open and notorious, exclusive, and continuous (see Estate of Becker v Murtagh, 19 NY3d at 83; Vaccaro v Town of Islip, 181 AD3d 751, 752-753; Megalli v Yeager, 167 AD3d 860, 862). The uncontroverted testimony further established that the disputed property was bounded by a substantial inclosure beginning in 1981 at the latest (see Megalli v Yeager, 167 AD3d at 862). Upon the burden shifting to the plaintiffs to produce evidence rebutting the presumption of adversity (see Estate of Clanton v City of New York, 153 AD3d at 789; Barra v Norfolk S. Ry. Co., 75 AD3d 821, 824), they failed to do so.
Accordingly, the Supreme Court's determination that the defendants satisfied all the prerequisites for a finding of adverse possession was warranted by the facts.
The plaintiffs' remaining contentions either are without merit or have been rendered academic in light of our determination.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court