City of New York v Prudenti's Rest. on the Riv., Inc. (2022 NY Slip Op 02110)





City of New York v Prudenti's Rest. on the Riv., Inc.


2022 NY Slip Op 02110


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-06732
 (Index No. 500281/17)

[*1]City of New York, appellant, 
v
Prudenti's Restaurant on the River, Inc., respondent, et al., defendants.


Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Zachary S. Shapiro of counsel), for appellant.
Seddio & Associates, P.C., Brooklyn, NY (Frank R. Seddio and Abrams Fensterman, LLP [Robert A. Spolzino], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for ejectment, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 7, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the first, second, and third causes of action and on the issue of liability on the fourth cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The City of New York commenced this action alleging that the defendant Prudenti's Restaurant on the River, Inc. (hereinafter the defendant), illegally constructed and maintained certain structures on property owned by the City. The City moved, inter alia, for summary judgment on the first, second, and third causes of action, for ejectment, removal of encroachments, and injunctive relief based on trespass, respectively, and on the issue of liability on the fourth cause of action, seeking damages for the alleged trespass. The Supreme Court granted that branch of the motion which was, in effect, for summary judgment determining that the City owns the disputed land beneath the subject structures, and otherwise denied the motion. The City appeals.
"'Trespass is an intentional entry onto the land of another without justification or permission'" (Carlson v Zimmerman, 63 AD3d 772, 773, quoting Woodhull v Town of Riverhead,
46 AD3d 802, 804; see Sunset Café, Inc. v Mett's Surf & Sports Corp., 103 AD3d 707, 709).
To prevail on a cause of action for ejectment, a plaintiff must establish that "(1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate" (Noamex, Inc. v Domsey Worldwide, Ltd., 192 AD3d 817, 819; see City of New York v Anton, 169 AD3d 999, 1001-1002; RPAI Pelham Manor, LLC v Two Twenty Four Enters., LLC, 144 AD3d 1125, 1126).
Contrary to its contention, the City failed to eliminate triable issues of fact as to whether the defendant lacks the right to occupy or use the disputed property. The City failed, among other things, to submit any evidence as to the scope of public assembly permits that were issued to the defendant. Under these circumstances, the City did not establish its prima facie entitlement to judgment as a matter of law on the causes of action alleging trespass and seeking ejectment (see 6014 Eleventh Ave. Realty, LLC v 6014 AH, LLC, 114 AD3d 661, 662; Menkes v Phillips, 93 AD3d 769, [*2]770).
Furthermore, the City did not establish its prima facie entitlement to injunctive relief directing the removal of encroachments upon the disputed property. RPAPL 871(1) provides that an "action may be maintained by the owner of any legal estate in land for an injunction directing the removal of a structure encroaching on such land. Nothing herein contained shall be construed as limiting the power of the court in such an action to award damages in an appropriate case in lieu of an injunction or to render such other judgment as the facts may justify" (see Montanaro v Rudchyk, 189 AD3d 1214, 1218). In order to obtain injunctive relief pursuant to RPAPL 871(1), a party is "'required to demonstrate not only the existence of [an] encroachment, but that the benefit to be gained by compelling its removal would outweigh the harm that would result to [the encroaching party] from granting such relief'" (Kimball v Bay Ridge United Methodist Church, 157 AD3d 877, 878, quoting Broser v Schubach, 85 AD3d 957, 957; see Montanaro v Rudchyk, 189 AD3d at 1218; Marsh v Hogan, 81 AD3d 1241, 1242). Here, the City failed to demonstrate the absence of any triable issues of fact concerning whether the balance of equities weighed in its favor (see Montanaro v Rudchyk, 189 AD3d at 1218; Kimball v Bay Ridge United Methodist Church, 157 AD3d at 878).
Accordingly, the Supreme Court properly denied those branches of the City's motion which were for summary judgment on the first, second, and third causes of action and on the issue of liability on the fourth cause of action, without regard to the sufficiency of the defendant's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court