Green Hills (USA), LLC v Marjam of Rewe St., Inc. (2022 NY Slip Op 05152)

Green Hills (USA), LLC v Marjam of Rewe St., Inc.

2022 NY Slip Op 05152

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2017-08176
 (Index No. 504774/14)

[*1]Green Hills (USA), LLC, appellant,
v
Marjam of Rewe Street, Inc., et al., defendants third-party plaintiffs-respondents; A & I Realty Corp., Inc., third-party plaintiff-respondent; Prime Food Processing Corp., third-party defendant.

McCarter & English, LLP, New York, NY (Mary Gabriel of counsel), for appellant.
Nossaman LLP, New York, NY (Edward K. Roggenkamp IV of counsel), for defendants third-party plaintiffs-respondents and third-party plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated June 12, 2017. The order, insofar as appealed from, granted the motion of the defendants and the third-party plaintiff A & I Realty Corp., Inc., for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 1996, the defendants, Marjam of Rewe Street, Inc., Marjam Supply of Rewe Street, LLC, and Marjam Supply Co., Inc., erected a 40-foot high sign, advertising their businesses and location, on the corner of Vandevoort Street and 2 Rewe Street. In 2013, the plaintiff, who had purchased 2 Rewe Street in 2001, had a survey of 2 Rewe Street conducted, which revealed that approximately 1.2 inches of the post holding the sign and 2 feet of the sign itself were located within the boundary of 2 Rewe Street (hereinafter the disputed property). The plaintiff then commenced this action against the defendants seeking, inter alia, damages for trespass.
The defendants and the third-party plaintiff A & I Realty Corp., Inc. (hereinafter collectively the respondents), moved for summary judgment dismissing the complaint on the ground, inter alia, that they had acquired title to the disputed property by adverse possession. The Supreme Court granted the respondents' motion. The plaintiff appeals.
In 2008, the Legislature enacted changes to the adverse possession statutes (see L 2008, ch 269; Megalli v Yeager, 167 AD3d 860, 861; 5262 Kings Hwy., LLC v Nadia Dev., LLC, 121 AD3d 748, 748). Here, since title allegedly vested in the defendants by adverse possession in 2006 at the latest, the law in effect prior to the amendments is applicable (see Megalli v Yeager, 167 AD3d at 861). Accordingly, the respondents were required to demonstrate that the defendants' "possession was (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years, and that the subject parcel was 'usually cultivated or improved' or 'protected by a substantial inclosure'" (id. at 861, quoting Estate [*2]of Becker v Murtagh, 19 NY3d 75, 81, citing Walling v Przybylo, 7 NY3d 228, 233).
"The purpose of the hostility requirement is to provide the title owner notice of the adverse claim through the 'unequivocal acts of the usurper'" (Megalli v Yeager, 167 AD3d at 862, quoting Monnot v Murphy, 207 NY 240, 245). "'Hostility can be inferred simply from the existence of the remaining four elements, thus shifting the burden to the record owner to produce evidence rebutting the presumption of adversity'" (Megalli v Yeager, 167 AD3d at 862, quoting Bratone v Conforti-Brown, 150 AD3d 1068, 1070).
The respondents established, prima facie, that the defendants' possession of the disputed property was actual, open and notorious, exclusive, and continuous for the statutory period of 10 years (see Estate of Becker v Murtagh, 19 NY3d at 81; Megalli v Yeager, 167 AD3d at 862). Contrary to the plaintiff's contentions, the defendants alone cared for the signpost and sign, establishing their exclusive possession of the disputed property (see Estate of Becker v Murtagh, 19 NY3d at 83; Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 161). Furthermore, the respondents established that the defendants improved the disputed property through the erection and maintenance of the sign advertising their businesses (see Kelly v Bastianic, 93 AD3d 691, 692, 694; Asher v Borenstein, 76 AD3d 984, 986-987). In opposition, the plaintiff, which had the burden of producing evidence rebutting the presumption of adversity, failed to raise a triable issue of fact (see Megalli v Yeager, 167 AD3d at 862; Estate of Clanton v City of New York, 153 AD3d 787, 789).
The parties' remaining contentions have either been rendered academic in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint.
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court